# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GUADA TECHNOLOGIES LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **CAFEPRESS, INC.,** <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Guada Technologies LLC files this Original Complaint for Patent Infringement against CafePress, Inc. and would respectfully show the Court as follows:

### I. THE PARTIES

1. Plaintiff Guada Technologies LLC ("Guada" or "Plaintiff") is a Texas limited liability company with its principal place of business at 3000 Custer Rd., Ste. 270 - 7058, Plano, TX 75075.

2. On information and belief, Defendant CafePress, Inc. ("Defendant") is a Delaware corporation with its principal place of business at 11909 Shelbyville Road, Louisville, KY 40243. Defendant has a registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

### II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due

1

at least to its business and existence in this forum, including at least a portion of the infringements alleged herein.  Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a Delaware corporation.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendant has derived revenue from its infringing acts occurring within Delaware.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving revenue from goods and services provided to persons or entities in Delaware.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services through the Accused Instrumentality within Delaware.  Defendant has committed such purposeful acts and/or transactions in Delaware such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant is incorporated in Delaware.  On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court.

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,231,379)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On June 12, 2007, United States Patent No. 7,231,379 ("the '379 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '379 Patent is titled "Navigation in a Hierarchical Structured Transaction Processing System."  The application

leading to the '379 Patent was filed on November 19, 2002. A true and correct copy of the '379 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Plaintiff is the assignee of all right, title and interest in the '379 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '379 patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '379 Patent by Defendant.

11. The '379 patent is directed to addresses a problem of navigating network vertices in a programmed computer that has a hierarchically configured decisional network that must be navigated as part of the processing, and that is constructed to accept inputs or data. (Ex. A at col. 2:25-30). Although Defendant argues that such a network exists outside of computers, that argument is inconsistent with the specification. The specification states that the "invention is implemented in a programmed computer that has a hierarchically configured decisional network that must be navigated as part of the processing." (*Id.* at col. 2:25-30). The network "is constructed to accept inputs or data and process them in a manner that facilitates navigation of the network vertices more efficiently." (*Id.*). A hierarchically arranged decisional network is an arrangement of nodes (numbered boxes below) connected by edges (lines connecting the boxes) that are used to traverse from one node to another node through decisions at a particular node:



(*Id.* at Fig. 1). The object of navigating the system is to get from the start to the desired node quickly and efficiently. (*Id.* at col. 2:9-12). This system is different from a "circuit" or "cycle" in which edges can loop back on themselves to create a closed path. (*Id.* at col. 2:67 – col. 3:3).

12. To navigate a hierarchically arranged decisional network, a user provides responses to prompts, or inputs data, to navigate up or down through adjacent nodes in the hierarchy to reach a certain node to obtain information, perform a transaction, or accomplish a similar goal. (*Id.* at col. 2:22-25; col. 3:5-28). For example, an interactive television program guide can be arranged as a hierarchically arranged decisional network. A user starts at the first node with a selection between films and shows. (*Id.* at Fig. 4). Upon the selection of films, the user is presented with another set of nodes to select, such as genres of films (*e.g.,* comedies, horror, drama). The user could then continue navigating down through additional nodes levels until reaching a goal node.

13. This method of navigating through specific pathways between nodes is inefficient. For example, if the user navigates down the wrong hierarchy of nodes, the user must either backtrack up the nodes or start over, thereby frustrating the user. (Ex. A at col. 2:9-12).

As networks become larger with more node levels, the ability to achieve the goal node becomes more difficult because it requires navigating an excessive number of nodes. (*Id.* at col. 2:15-18).

14. The invention solves the prior art problems by not locking the user into movement to adjacent nodes or having to start over at the top node. Instead, the invention allows the system to "jump" laterally from one branch to another. (*Id.* at col. 3:35-37). The problem is solved by supplementing the allowed movement between adjacent nodes with navigation to nonadjacent nodes by associating the nodes with keywords and matching words in a user's request/response to the keywords so that the system can jump to those nodes. (*Id.* at col. 3:35-43). In other words, the user is not bound by the rigid hierarchical arrangement because an input or response can cause a direct jump to a different node, thereby bypassing intervening nodes that would otherwise need to be traversed according to approaches of the prior art.

15. The '379 patent has been cited as prior art during the prosecution history of United States patents assigned to IBM, Fujitsu Limited, and Harris Corporation.

16. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 1 of the '379 patent in the State of Delaware, in this District, and elsewhere in the United States, by actions comprising making, using, and/or performing a method for navigating multiple navigable nodes interconnected in a hierarchical arrangement using the website at https://www.cafepress.com/ and associated subsites, web pages and functionality within that website (the "Accused Instrumentality"). For example, the Accused Instrumentality utilizes a method performed in a system having multiple navigable nodes (the Accused Instrumentality has different product categories (nodes) for selection by a user (*e.g.*, "Accessories", "Home & Decor", "Stationery", etc.)) interconnected in a hierarchical arrangement (*e.g.*, from the home page node, users can go to nodes such as "Accessories",

"Home & Decor", "Stationery", etc.; and then within a node, such as Accessories, the website contains nodes of particular categories which in turn contain particular product nodes). The Accused Instrumentality performs the step, at a first node, of receiving an input from a user of the system (*e.g.*, CafePress utilizes a search box on the home page node for accepting an input from a user), the input from the user contains at least one word identifiable with at least one keyword from among multiple keywords (the input from the user contains one or more words identifiable with at least one keyword, which is used by CafePress to identify particular products). The Accused Instrumentality also performs the step of identifying at least one node, other than the first node, that is not directly connected to the first node but is associated with the at least one keyword, and jumps to the at least one node. For example, the Accused Instrumentality identifies a particular product relating to the keyword input by the user and allows jumping to those items/nodes without traversing preceding generic category nodes (*e.g.*, "Accessories", "Home & Decor", "Stationery", etc.) in the hierarchy.

17. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '379 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. On information and belief, Defendant will continue its infringement of one or more claims of the '379 patent unless enjoined by the Court. Furthermore, the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

19. On information and belief, Defendant has had at least constructive notice of the '379 patent by operation of law, and there are no marking requirements that have not been complied with.

## IV. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 7,231,379 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 7,231,379; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 26, 2018

OF COUNSEL:

David R. Bennett
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
*Attorneys for Plaintiff Guada Technologies LLC*